UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WAYNE DEMPSEY, JR., | No. 2:16-cv-1565 MCE CKD P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, an inmate proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner challenges his 2011 conviction in the Sacramento County Superior Court for kidnapping, rape, and related charges. He claims that the trial court erred in denying his motion to dismiss the charges due to Texas officials' failure to comply with the Interstate Agreement on Detainers ("IAD").[1] In December 2011, after petitioner was found guilty on all charges, the trial

---

[1] An IAD violation can be the basis for federal habeas corpus relief by a state prisoner. Johnson v. Stagner, 781 F.2d 758 (9th Cir. 1986). However, the Supreme Court has held that habeas review under the IAD is not available unless the error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the

1

1 court imposed "a prison sentence of 50 years to life plus 40 years, consecutive to an existing 60-
2 year sentence in Texas." (ECF No. 1 at 24-25.) Petitioner is currently confined at the Texas
3 Department of Criminal Justice – Stiles Unit in Beaumont, Texas. (See ECF No. 1 at 26) (stating
4 that in 2006, petitioner "had just begun a 60-year sentence in Texas").

Under 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdiction for a federal habeas court. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978–979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). Second, section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Baily, 599 F.3d at 980.

Here, it does not appear from the petition that petitioner is "in custody" pursuant to the challenged California conviction. For this reason, the petition will be dismissed. Petitioner will be granted one opportunity to file an amended petition that cures the above defect. If petitioner is currently in custody for the challenged conviction, he should indicate this in an amended petition.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 3);

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

////

---

rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994).

[2] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus; and

5. Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Dated: September 14, 2016

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / demp1565.114