IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHARLES WAYNE DEMPSEY, JR., | No. 2:16-cv-01565-JKS |
|---|---|
| Petitioner, | MEMORANDUM DECISION |
| vs. | |
| CALVIN TUCKER, Senior Warden, Mark W. Stiles Unit, and XAVIER BECERRA, Attorney General of the State of California,[1] | |
| Respondents. | |

Charles Wayne Dempsey, Jr., a Texas state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Dempsey is in the custody of the Texas Department of Criminal Justice and incarcerated at Stiles Correctional Facility in Beaumont, Texas, as a result of a 2006 conviction in that State. On November 3, 2011, Dempsey was additionally convicted in the California Superior Court, Sacramento County, for various sexual crimes committed against young women. Respondent has answered, and Dempsey has not replied.

---

[1] Calvin Tucker, Senior Warden, Mark W. Stiles Unit of the Texas Department of Criminal Justice, and Xavier Becerra, Attorney General of the State of California, substituted for the People of the State of California. FED. R. CIV. P. 25(c); Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is not yet in custody - but may be subject to future custody - under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."). The opinion refers to Tucker and Becerra collectively as "Respondent."

# I. BACKGROUND/PRIOR PROCEEDINGS

On April 19, 2005, Dempsey was charged with kidnapping for the purpose of rape (Count 1), four counts of rape (Counts 2-4, 9), oral copulation by force (Count 5), sodomy (Count 6), kidnapping for the purpose of oral copulation (Count 7), and oral copulation by force (Count 8). The complaint further alleged that Dempsey committed the offenses against two or more victims. On direct appeal of his conviction, the California Court of Appeal laid out the following procedural facts underlying Dempsey's California case, which are relevant to Dempsey's claims in the instant Petition:

> On April 19, 2005, Sacramento County charged [Dempsey] with nine counts of kidnapping and sexual assault against two victims, with various enhancements. Three days later, [Dempsey] was arrested at home in Fort Worth, Texas, and prosecuted for four rapes he committed in Texas in 1997 and 1999. On July 27, 2006, he was convicted of raping a 16–year–old girl and sentenced to a determinate term of 60 years in prison. On August 17, 2006, after pleading guilty to aggravated sexual assault of a girl under the age of 14, he was convicted of that crime and sentenced to a term of 12 years.
> On September 20, 2006, an assistant district attorney in Texas filed a criminal complaint stating that he had good reason to believe [Dempsey] fled the State of California on or about September 16, 2006, "and is a fugitive from justice."[FN1] An "in custody fugitive warrant issued" the same day the criminal complaint was filed, and [Dempsey] waived the "issuance and service of extradition warrant, as well as any and all extradition proceedings which may be required by law . . . ." [Dempsey] appeared on the September 20, 2006, extradition warrant on September 20, September 25, October 5, and November 9 of 2006; January 4, February 1, and March 1 of 2007; and finally on February 21 of 2008, at which time the complaint was "dismissed on motion of the state." As stated on the form request for dismissal, the reason the State of Texas requested the dismissal was "[Dempsey] released to agents of demanding state." This solitary phrase is the linchpin of [Dempsey's] entire appeal.
>
> > FN1. We cannot determine from an examination of the record before us how [Dempsey] could have fled from California on September 16, 2006, when he was convicted in Texas on July 27, 2006, of the commission of rape and on August 17, 2006, of the commission of aggravated sexual assault.
>
> In April 2011 [Dempsey] requested that final disposition be made of the pending kidnap, rape, oral copulation, and sodomy charges against him. The form request includes the following language: "I also agree that this request shall be deemed to be my

waiver of extradition to your state for any proceeding contemplated hereby, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the [Interstate Agreement on Detainers ("IAD")] and a further consent to be returned to the institution in which I now am confined."

The Sacramento County District Attorney received [Dempsey's] written request for final disposition on May 12, 2011. In the district attorney's response to [Dempsey's] motion to dismiss, the People wrote that "[a]t no time prior to May 12, 2011, did the People receive any written notice from [Dempsey] or from the Texas Department of Criminal Justice for final disposition of the Sacramento County charges." Trial commenced on October 13, 2011. There is no dispute that the trial commenced within 180 days of [Dempsey's] 2011 request for final disposition of the pending charges.

[Dempsey] moved to dismiss the charges for violation of his right to a speedy trial under the IAD. (Pen. Code, § 1389.) He argues that his right to a speedy trial was triggered in September 2008 under article IV of the IAD. The only evidence he offers is the notation on the Texas record dismissing the fugitive complaint that states, "[Dempsey] released to agents of demanding state."

During argument at the hearing on the motion to dismiss, the prosecutor did not challenge [Dempsey's] assumption that a detainer had been lodged. Indeed, the prosecutor conceded: "In regards to the release to the demanding state, first of all, I'm not submitting on the issue whether or not there was a detainer issued, because from the review of the documents from Tarrant County that [defense counsel] provided, the logical reasonable conclusion is that there was a detainer that was issued."

The trial court denied the motion to dismiss. The court explained, "In this case, in looking at all the evidence that's been presented to me, the arguments of counsel, the court finds that [Dempsey] was not previously brought to California for prior detainer proceedings. It appears based on the evidence that has been presented to me that California never received notice from Texas with respect to Mr. Dempsey's waiver of his extradition proceedings or the notification where the State of Texas appears to indicate defendant released to agents of demanding state. At least I have seen no return receipt requested in the documents disclosed to [defense counsel] to indicate that California ever got notice of that."

As to [Dempsey's] claim that he was entitled to dismissal because he was not given proper notice of his right under the IAD, the court ultimately ruled, "[D]ismissal is not a remedy for failure of the Texas warden to inform Mr. Dempsey of his speedy trial rights, and I cite of course Penal Code section 1389, which does not provide for dismissal for lack of notice." After citing federal cases, the court concluded, "Specifically these cases hold that dismissal is specified as a remedy for certain IAD violations, but the speedy trial notice provision is not among them."

*People v. Dempsey*, No. C070000, 2015 WL 1152862, at *2-3 (Cal. Ct. App. Mar. 13, 2015).

3

Dempsey subsequently pled not guilty, denied the allegations, and proceeded to a jury trial on October 18, 2011. At the conclusion of trial, the jury found Dempsey guilty on all 9 counts and found true all the special circumstances alleged. The trial court sentenced Dempsey to an aggregate imprisonment term of 40 years, and imposed an indeterminate term of 50 years to life imprisonment consecutive to the 60-year sentence Dempsey is serving in Texas.

Through counsel, Dempsey appealed the California conviction, arguing that he was entitled to a dismissal of his California convictions because he did not receive a speedy trial after he signed a waiver of extradition and the Texas court dismissed his fugitive complaint, nor was he given timely notice of his right to request a final disposition of the California Complaint. On March 13, 2015, the California Court of Appeal affirmed the judgment against Dempsey in a reasoned, unpublished opinion. *Dempsey*, 2015 WL 1152862, at \*6. Dempsey petitioned for review in the California Supreme Court, which was summarily denied on July 8, 2015.

Dempsey then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on July 4, 2016. Docket No. 1; *see* 28 U.S.C. § 2244(d)(1)(A). Through a previously-assigned magistrate judge, this Court issued an order dismissing the initial petition with leave to amend for failure to meet the "in custody" requirement for federal habeas petitions under 28 U.S.C. § 2254. Docket No. 7. The magistrate judge additionally issued Findings and Recommendations recommending that the petition be dismissed without prejudice. Docket No. 8. The magistrate judge subsequently vacated the Findings and Recommendations and granted Dempsey an extension of time to file an amended petition. Dempsey filed a First Amended Petition ("Petition;" Docket No. 11), which is currently before the undersigned judge and ripe for adjudication.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Dempsey argues, as he did on direct appeal, that his criminal prosecution in California Superior Court violated the antishuttling provision and 120-day time limit for trial under Article IV of the Interstate Agreement on Detainers ("IAD").

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

5

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Dempsey has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no

evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

IV. DISCUSSION

A.   "In Custody" Requirement

To obtain federal habeas corpus review, 28 U.S.C. § 2254(a) requires that the petitioner be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Respondent correctly contends that the Court lacks jurisdiction to consider the merits of Dempsey's habeas corpus petition because Dempsey was not in custody pursuant to the *California* judgment at the time he filed his petition, as required by 28 U.S.C. § 2254(a). Although Dempsey was incarcerated at that time, it is undisputed that Dempsey was in the custody of the Texas Department of Criminal Justice on an unrelated conviction in that state. The "in custody" requirement is jurisdictional. *Id.*

Dempsey avers that he satisfies the "in custody" requirement because the sentence on his California conviction was run consecutively to the Texas sentence. Dempsey notes that he has continually been is some form of custody since 2006, and cites *Peyton v. Rowe*, 391 U.S. 54 (1968), to argue that he satisfies the "in custody" requirement. In *Peyton*, the U.S. Supreme Court held that a defendant remains "in custody" under a judgment imposing consecutive sentences, so long as he is serving one of the consecutive sentences. *Id.* at 65. The *Peyton* Court recognized that an alternative conclusion would force the petitioner to wait until he began serving the later sentence in order to challenge the underlying conviction, with the attendant risk of faded memories. *Id.* at 61. Here, however, Dempsey was not given "consecutive sentences" as the term is used in *Peyton*, where the sentences were given in a single judgment, and the one

7

being challenged had not then yet commenced. Rather, Dempsey is in custody under a different judgment altogether. The fact that the California sentence was imposed consecutive in time to the Texas sentence does not mean that the sentences are "consecutive" as the term is used in *Peyton*. *Peyton* is thus inapplicable to Dempsey's case. Dempsey fails to meet the "in custody" requirement as to his extradition and subsequent California conviction. The Court lacks jurisdiction to address his claim, and it must be dismissed.

B.  Merits

It nonetheless appears that jurisdiction may be secured, and a petitioner be permitted to apply for habeas relief from a state restraint which will go into effect in the future, if that state has formally demanded that the entity currently exercising custody over the petitioner transfer the petitioner after completion of the current custody or incarceration. *C.f. Rose v. Morris*, 619 F.2d 42, 43 (9th Cir. 1980) ("[a] state detainer warrant against a federal prisoner is sufficient 'custody' to confer habeas jurisdiction"). Here, however, there is no evidence that such detainer currently exists or that the State of California has taken any formal steps to require transfer to the California authorities after completion of Elmore's Texas incarceration.

But even if this Court had jurisdiction to consider Dempsey's claim relating to his California conviction, he would not be entitled to relief. "The IAD is an interstate compact entered into by 48 States, the United States, and the District of Columbia." *United States v. Lualemaga*, 280 F.3d 1260, 1263 (9th Cir. 2002) (holding that the government's failure to provide adequate notice informing a Hawaii prisoner of his rights under the IAD does not constitute grounds to dismiss an indictment); *see also New York v. Hill*, 528 U.S. 110, 111 (2000). It creates uniform procedures for lodging and executing a detainer by one state against a

prisoner serving a sentence in another. *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001); *Lualemaga*, 280 F.3d at 1263. Under Article III of the IAD as effective in 2008, a prisoner "shall be brought to trial within 120 days" after he delivers written notice "to the prosecuting officer and the appropriate court," seeking final disposition of the charges against him set forth in a detainer lodged under the IAD. 18 U.S.C. app. II, § 2, art. III(a). Where a state has received valid notice of a request for disposition, the IAD provides for dismissal of the charges in that state if the state fails to timely commence trial against the prisoner. *Lualemaga*, 280 F.3d at 1263–64.

Dempsey fails to show that dismissal of his California charges was warranted here. First, because of the severity of the remedy provided by the IAD, a prisoner must strictly comply with the formal requirements of the IAD. *See Johnson v. Stager*, 781 F.2d 758, 761-62 (9th Cir. 1986). Likewise, the petitioner has the burden of showing that a request for a speedy trial was made. *See United States v. Moline*, 833 F.2d 190, 192 (9th Cir. 1987), cert. denied, 485 U.S. 938 (1988). As the Court of Appeal reasonably concluded, there is no evidence that Dempsey made a formal demand prior to April 2011. Dempsey does not dispute that the State of California commenced trial within 180 days of the April 2011 demand. Although Dempsey alleges that he made an earlier request in 2008, he fails to satisfy his burden of proof with respect to that claim.

Moreover, federal habeas review of IAD violations is limited to errors constituting "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994), quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also Hitchcock v. United States*, 580 F.2d 964, 966 (1978) (to state a violation of the IAD cognizable in § 2254 or

9

§ 2255 habeas proceedings, the alleged violation must rise to the level of a "fundamental defect" or have "prejudiced" the rights of the defendant). Here, there is nothing in the record to suggest that the alleged IAD violation constituted a "fundamental defect" or resulted in a complete miscarriage of justice. Dempsey does not assert that the alleged IAD violation denied him the opportunity to secure a fair trial, actually impaired his ability to prepare and present a defense, or to prosecute his appeal. Rather, he asserts that his speedy trial rights were violated because he was not tried in accordance with the deadlines of the IAD. Absent allegations of prejudice, however, his claim is not cognizable under federal habeas review. *See, e.g.*, *Reed*, 512 U.S. at 342 (holding that "a state court's failure to observe the 120–day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant suffered no prejudice attributable to the delayed commencement"); Dempsey is therefore not entitled to relief in any event.

V. CONCLUSION AND ORDER

Dempsey is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. See FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: December 14, 2018.

                                                                      /s/James K. Singleton, Jr.
                                                                      JAMES K. SINGLETON, JR.
                                                                      Senior United States District Judge